IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA MIAMI
DIVISION

C. CZARNIKOW SUGAR, INC,

and                                                                                          Case No. 1:24-MC-23809

CZARNIKOW GROUP LIMITED,

    Plaintiffs,

v.

PULLMAN SUGAR, LLC,

    Defendant.
_____/

**PETITION TO CONFIRM ARBITRATION AWARD**

    Plaintiffs, C. CZARNIKOW SUGAR, INC. ("CCSI") and CZARNIKOW GROUP LIMITED ("CGL") (collectively, "Plaintiffs"), hereby petition this Court to confirm a Final Arbitration Award against Defendant, PULLMAN SUGAR, LLC ("Pullman" or "Defendant"), and as grounds therefore state as follows:

### THE PARTIES

    1.    This is an action filed pursuant to the Federal Arbitration Act, 9 U.S.C. §§1-16 and 207 (the "FAA"), to confirm the Partial Final Arbitration Award issued by Arbitrator Hon. Jim Leshaw (the "Arbitrator") of the American Arbitration Association, Commercial Arbitration Tribunal (the "AAA") on August 27, 2024.

    2.    Plaintiff, C. Czarnikow Sugar, Inc., is a company incorporated in New York with registered offices at 333 SE 2nd Avenue, Suite 2860, Miami, Florida 33131.

    3.    Plaintiff, Czarnikow Group Limited., is a company incorporated in the United Kingdom with registered offices at Pasternoster House, 65 St. Paul's Churchyard, London EC4M 8AB.

4. Defendant, Pullman Sugar, LLC, is a company incorporated in Illinois with registered offices at 700 E. 10th Street, Chicago, Illinois 60628.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this Petition pursuant to 8 U.S.C. § 1332(a)(2), as complete diversity exists between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 9 U.S.C. § 9. The arbitration proceedings culminating in the Final Award that is the subject of this Petition took place in Miami, Florida.

## THE ARBITRATION AND FINAL AWARD

7. Plaintiffs and Defendant entered into multiple contracts for the purchase and sale of sugar commodities. Defendant materially breached a total of ten (10) contracts entered into with Plaintiffs.

8. Specifically, Defendant materially breached the following agreements existing between it and Plaintiffs: (i) December 3, 2021 Purchase Agreements ("CCSI 746767 and 747238") (ii) December 16, 2021 Sales Agreement ("CGL 747861"); (iii) January 19, 2021, Sales Agreements ("CCSI 750944; 747992; 747991; 747904; 747984"); and (iv) July 11, 2022, Purchase and Sale Agreements ("CCSI 788902 and 788903"), The Agreements, along with any corresponding Addendums, are attached hereto as **Composite Exhibit "A."**

9. The first eight agreements, i.e., CCSI 746767, 747238, 750944, 747991, 747992, 747904, 747984, and CGL 747861 (collectively, the "Brazilian Sugar Agreements") all relate to the same lot of 10,000 mt of Brazilian Organic Cane Sugar ("Brazilian Sugar") originating in Brazil and bound for the United States. *See* Exhibit "A-1" through Exhibit "A-8."

10. The ninth and tenth agreements, i.e., CCSI 788902 and 788903 (collectively, the "Mexican Sugar Agreements") relate to 11,326 metric tons of Mexican bulk raw sugar ("Mexican Sugar") whereby Defendant agreed to purchase, and Plaintiffs agreed to sell 11,326 metric tons of Mexican Sugar at a price of $869.01 per metric ton. *See* Exhibits "A-9" and "A-10."

11. Following Defendant's breach of its obligations under the Agreements, Plaintiffs submitted their claims for Arbitration before the American Arbitration Association. (*C. Czarnikow Sugar, Inc. et al v. Pullman Sugar, LLC* No.: 01-23-0002-0162).

12. Plaintiffs and Defendant agreed under the Agreements that the Arbitration would take place in Miami, Florida. *See* Agreements.

13. On August 27, 2024, the Arbitrator issued the Final Award.

14. The Final Award mandates that CCSI is entitled to recover from Defendant the total sum of **$4,930,243.88**, which shall bear interest at the maximum allowable rate under Florida law beginning on September 1, 2022 and thereafter at the prevailing rates provided for by Florida Statutes. Additionally, CGL the Partial Final Award mandates that CGL shall recover the total sum of **$321,352.85**, which shall bear interest at the maximum allowable rate under Florida law beginning on September 1, 2022 and thereafter at the prevailing rates provided for by Florida Statutes. A true and correct copy of the Partial Final Arbitration Award is attached hereto as **Exhibit "B."**

15. The final award is titled, "Partial Final Award" for the simple reason that it does not address Pullman's separate arbitration claim arising out of its allegation that CCSI breached the Colombian Sugar Agreement dated June 6, 2022 ("CCSI 788903"). Any award arising out of CCSI 788903 relates to a separate transaction and has no bearing on the Final Award.

## BASIS FOR CONFIRMATION OF FINAL AWARD

16. Although the parties, dates, and terms of each of the agreements are different, all but one of the agreements contain a substantially identical arbitration provision providing for arbitration of all disputes by the American Arbitration Association in accordance with the Commercial Rules of Arbitration in Miami, Florida. The same agreements provide for application of Florida law. *See* Ex B, p. 1.

17. The lone exception is Contract 747861, which provides for arbitration before the Refined Sugar Association in accordance with English Law. However, the parties held a preliminary conference on August 3, 2023, with the arbitrator, whereby all parties consented to the appointment of the arbitrator for all contracts in accordance with the AAA rules for Commercial Arbitration. *Id.*

18. Section 9 of the Federal Arbitration Act provides that, upon application of any party to the arbitration, the court *must* enter an order confirming the award unless it is vacated, modified, or corrected in accordance with Sections 10 and 11 of the FAA. 9 U.S.C. §9; *see also* 9 U.S.C.§207 (the Court "shall confirm" an arbitration award unless an enumerated ground for refusal of enforcement exists).

19. There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitration panel's decision whenever possible. *Frazier v. CitiFinancial Corp.,* 604 F.3d 1313, 1321 (11th Cir. 2010) ("There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.").

20. The Final Award is not subject to any grounds for vacating the award under the FAA, or under any other applicable provision of law. Therefore, confirmation of the Award is appropriate.

21. This Petition is timely under the FAA because it is filed within one year after the Final Award was made.

22. Pursuant to the FAA, Plaintiffs are entitled to Final Judgment in accordance with the Final Award.

23. Plaintiffs respectfully request that a Final Judgment be entered in their favor as follows: (1) CCSI is entitled to recover from Defendant the total sum of **$4,930,243.88**, which shall bear interest at the maximum allowable rate under Florida law beginning on September 1, 2022 and thereafter at the prevailing rates provided for by Florida Statutes; and (2) CGL shall recover the total sum of **$321,352.85**, which shall bear interest at the maximum allowable rate under Florida law beginning on September 1, 2022 and thereafter at the prevailing rates provided for by Florida Statutes.

WHEREFORE, Plaintiffs, C. Czarnikow Sugar, Inc. and Czarnikow Group Limited respectfully request that this Court enter an Order Confirming the Final Award in the amount of $5,251,596.45, plus pre- and post-judgment interest, in accordance with 9 U.S.C. §§9 and 207, and direct the clerk of this Court to enter Final Judgment in favor of Plaintiffs and against Defendant, Pullman Sugar, LLC, and for such other relief as this Court deems just and proper.

Dated: October 2, 2024                     Respectfully submitted,

**ZARCO EINHORN SALKOWSKI, P.A.**
*Counsel for Plaintiff*
One Biscayne Tower
2 S. Biscayne Blvd., 34th Floor
Miami, Florida 33131-2193
Telephone: (305) 374-5418
Telecopier: (305) 374-5428

By: /s/ Robert F. Salkowski
    **ROBERT F. SALKOWSKI (FBN 903124)**
    E-mail: rsalkowski@zarcolaw.com
    Email: acoro@zarcolaw.com
    **JACKY BEDA (FBN 1003619)**
    E-mail: jbeda@zarcolaw.com
    E-mail: eservice@zarcolaw.com