UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT
MIAMI DIVISION

CASE NO.1:24-mc-23809-KMM

C. CZARNIKOW SUGAR, INC.,
and CZARNIKOW GROUP LIMITED,

    Plaintiffs,

v.

PULLMAN SUGAR, LLC,

    Defendant.

_____/

## DEFENDANT PULLMAN'S RESPONSE TO PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD

Defendant, Pullman Sugar, LLC ("Pullman"), responds to Plaintiffs' Petition to Confirm Arbitration Award [D.E. 1] (the "Petition") as follows:

1. On October 2, 2024, Plaintiffs filed the Petition, seeking to confirm an arbitration award in their favor against Pullman (the "Award").

2. On January 24, 2025, this Court ordered Pullman to file a response to the Petition no later than January 31, 2025 [D.E. 14].

3. It is no secret that, when it comes to avoiding confirmation of an arbitration award, the bar is particularly high. Pullman acknowledges that a motion to vacate "is not a mechanism to appeal or otherwise challenge the merits of a dispute conclusively determined in arbitration." *Floridians for Solar Choice, Inc. v. PCI Consultants, Inc.,* 314 F.Supp.3d 1346, 1354 (S.D. Fla. 2018). On the contrary, only under "four exclusive circumstances" will an arbitration award be vacated: (1) where the award is procured by corruption, fraud, or undue means,

(2) where there is evident partiality or corruption in the arbitrators, (3) where arbitrator is guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced; or (4) where arbitrators exceed their power such that a mutual, final and definite award upon the subject matter submitted was not made. *See id.* (citing 9 U.S.C. § 10(a)(1)-(4)).

4. Pullman retained undersigned counsel after the Petition had been filed, and well after the Award had been entered. Undersigned counsel set out immediately to examine whether proper grounds for vacatur existed. One of undersigned counsel's first steps was to speak with his predecessor to better understand the details of the underlying proceedings, which turned out to revelatory and frankly shocking.

5. Pullman was represented by Gerson Behr in the arbitration. Mr. Behr is not a Florida lawyer. He is not a U.S. lawyer. Mr. Behr claims to have graduated from the University of Sao Paulo's law program. Mr. Behr's representation of Pullman was contrary to the Rules Regulating the Florida Bar, including Rules 1-3.11 and 4-5.5. He made no attempt to comply with the requirements for non-U.S. lawyers' representation in Florida, claiming to have been unaware of such Rules altogether.

6. To complicate matters, Mr. Behr is also not a native English speaker, and had no knowledge of how arbitrations are conducted. In one of his first communications with undersigned counsel, he advised,

> If I knew that the principle of orality in your legal system was to prevail over any written document I would have never accepted the case.

7. Prior to this one, he had never handled an arbitration in the United States. Mr. Behr told undersigned counsel "I'm used to arbitrators relying upon the written word only." Thus, at the final hearing leading to the Award, Mr. Behr struggled mightily to present evidence and articulate defenses on behalf of Pullman. When it came time for him to deliver argument, Mr. Behr was unable to do so.

8. Reflecting on the hearing, Mr. Behr explained to undersigned counsel, "I was caught off-reality." He further advised that he had told the arbitrator that he "was orally dyslexic, that [he] wasn't used to oral pleadings, was not a native-English speaker and had suffered a gap of memory," but the arbitrator afforded him no relief.

9. The result of Mr. Behr's lack of proper credentials, experience, and command of the language in which the arbitration was conducted had disastrous consequences for Pullman. Mr. Behr conceded substantial issues, and failed to introduce evidence or argument in a manner that would have allowed Pullman's positions to be heard and considered.

10. Pullman does not pretend that these circumstances arise to "corruption, fraud, or undue means" under governing law, or that the arbitrator demonstrated partiality. However, because Pullman's defenses were not fairly presented, "a mutual, final and definite award upon the subject matter submitted was not made." *See* 9 U.S.C. § 10(a) (4).

11.     This is particularly so because Pullman's counterclaim remains pending and goes to the heart of the dispute decided by the Award. Thus, the Award is not final but instead remains a *partial* award, until the counterclaim is fully resolved. *See Folse v. Richard Wolf Med. Instruments Corp.,* 56 F.3d 603, 605 (5th Cir.1995) ("By its own terms, § 10 [of the FAA] authorizes court action only after a final award is made by the arbitrator."); *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir.1980) (holding that § 10 "has no application to an interim award that the arbitrators did not intend to be their final determination on the issues submitted to them").[1]

12.     In the end, Pullman did not have legal representation in the underlying proceeding. In the interests of justice, the issue of confirmation of the award should be deferred until the arbitration proceeding is concluded, allowing Pullman a fair opportunity to present this matter to the arbitrator.

WHEREFORE, Pullman respectfully requests that the Petition be denied.

Respectfully submitted,

**MAURO LAW P.A.**

/s/  C. Cory Mauro
C. Cory Mauro
Florida Bar No.:  384739
1001 Yamato Road, Suite 401
Boca Raton, FL 33431
Telephone: (561) 202-1922
cory.mauro@maurolawfirm.com
paralegal@maurolawfirm.com
*Counsel for Defendant*

---

[1] While Mr. Behr agreed that the counterclaim could be heard at a later date, this too was highly prejudicial to Pullman.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 31st day of January 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _/s/ C. Cory Mauro_
C. Cory Mauro