UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23809-MOORE/Elfenbein

**C. CZARNIKOW SUGAR, INC.**, *et al.*,

    Plaintiffs,

v.

**PULLMAN SUGAR, LLC,**

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON
PETITION TO CONFIRM ARBITRATION AWARD**

**THIS CAUSE** is before the Court on Plaintiffs C. Czarnikow Sugar, Inc. and Czarnikow Group Limited's Petition to Confirm Arbitration Award (the "Petition"). *See* ECF No. [1]. The Honorable K. Michael Moore referred me the Petition "to take all necessary and proper action as required by law with respect" to it. *See* ECF No. [13]. For the reasons explained below, I respectfully recommend that the Petition, ECF No. [1], be granted, and the Partial Final Arbitration Award, ECF No. [1-2], be confirmed.

**I.     BACKGROUND**

Plaintiff C. Czarnikow Sugar, Inc. ("Czarnikow"), a New York corporation, and Plaintiff Czarnikow Group Limited ("CG Limited"), a United Kingdom corporation, "entered into multiple contracts" with Defendant Pullman Sugar, LLC, an Illinois corporation, "for the purchase and sale of sugar commodities." *See* ECF No. [1] at 1–2. "Defendant materially breached a total of ten" of those contracts, eight of which relate to Brazilian Organic Cane Sugar ("Brazilian Sugar") and two of which relate to Mexican bulk raw sugar ("Mexican Sugar"). *See* ECF No. [1] at 2–3. After

Defendant breached those contracts, the Parties participated in "Arbitration before the American Arbitration Association" in Miami.[1]  *See* ECF No. [1] at 3.

On August 27, 2024, the Arbitrator issued a "Partial Final Award" finding that Czarnikow "is entitled to recover from Defendant the total sum of $4,930,243.88" and that CG Limited is entitled to "recover the total sum of $321,352.85" (the "Award").  *See* ECF No. [1] at 3; ECF No. [1-2] at 2, 8–9.  The Arbitrator also found that both sums "shall bear interest at the maximum allowable rate under Florida law beginning on September 1, 2022 and thereafter at the prevailing rates provided for by Florida Statutes."  *See* ECF No. [1] at 3; ECF No. [1-2] at 7–8.  Although the Arbitrator's decision is titled "Partial Final Award," it is in all respects final as to the ten contracts involving the Brazilian Sugar and the Mexican Sugar.  *See* ECF No. [1] at 3; ECF No. [1-2] at 7–8.  The reason the Award is labeled "partial" is that Defendant asserted a counterclaim based on an eleventh contract between the Parties relating to Colombian Organic sugar ("Colombian Sugar"), which the Arbitrator determined "will be dealt with in later proceedings in connection with" the Arbitration.  *See* ECF No. [1] at 3; ECF No. [1-2] at 3, 8 ("All claims not explicitly dealt with in this Partial Final Award are preserved for the final award to be issued in this arbitration case pursuant to further orders and awards.").

Within a year of the Award, Plaintiffs filed the Petition seeking to confirm it pursuant to "Section 9 of the Federal Arbitration Act," 9 U.S.C. § 9.  *See* ECF No. [1] at 4.  In the Petition, Plaintiffs assert "the court must enter an order confirming the award unless it is vacated, modified,

---

[1] "Although the parties, dates, and terms of each of the agreements are different, all but one of the agreements contain a substantially identical arbitration provision providing for arbitration of all disputes by the American Arbitration Association in accordance with the Commercial Rules of Arbitration in Miami, Florida. The same agreements provide for application of Florida law." *See* ECF No. [1] at 4. "The lone exception . . . provides for arbitration before the Refined Sugar Association in accordance with English Law. However, the parties held a preliminary conference on August 3, 2023, with the arbitrator, whereby all parties consented to the appointment of the arbitrator for all contracts in accordance with the AAA rules for Commercial Arbitration." *See* ECF No. [1] at 4.

or corrected in accordance with Sections 10 and 11 of the" Federal Arbitration Act ("FAA"). *See* ECF No. [1] at 4. They note the Petition is timely filed and that the "Award is not subject to any grounds for vacating" it under the FAA or any other applicable provision of law, so "confirmation of the Award is appropriate." *See* ECF No. [1] at 4–5.

In its Response, Defendant acknowledges that "the bar is particularly high" when trying to avoid "confirmation of an arbitration award" and essentially concedes that none of the "four exclusive circumstances" supporting vacatur under § 10 of the FAA are present here. *See* ECF No. [15] at 1–3 ("Pullman does not pretend that these circumstances arise to corruption, fraud, or undue means under governing law, or that the arbitrator demonstrated partiality."). Defendant nonetheless argues that because its "defenses were not fairly presented, a mutual, final and definite award upon the subject matter submitted was not made," which is one of the policy grounds for vacating an award. *See* ECF No. [15] at 3 (quoting 9 U.S.C. § 10(a)(4)). Defendant explains that its defenses were not properly presented because its previous counsel is a non-native English speaker who is not licensed to practice in the United States, "had no knowledge of how arbitrations are conducted," and could not deliver argument. *See* ECF No. [15] at 2–3. Defendant argues that its previous counsel's "lack of proper credentials, experience, and command of the language" had "disastrous consequences" because they caused him to concede substantial issues and fail to introduce evidence or argument in a manner that would have allowed Defendant's positions to be heard and considered. *See* ECF No. [15] at 3. For those reasons, Defendant argues it "did not have legal representation in the underlying proceeding," so "the interests of justice" require deferring confirmation of the Award until its Colombian Sugar counterclaim, which "goes to the heart of the dispute decided by the Award," is "fully resolved," and Defendant has had "a fair opportunity to present" it to the Arbitrator. *See* ECF No. [15] at 4.

In their Reply, Plaintiffs note that Defendant "does not seek an order vacating the award" and, in any event, the FAA bars Defendant's attempts to vacate the Award at this time. *See* ECF No. [16] at 1–2, 8–9. Plaintiffs highlight that Defendant "does not describe in any detail what defenses were not presented" because of its previous counsel's deficiencies, and they argue that, regardless, "inadequate legal representation is not a basis to delay or set aside an arbitration award" because "ineffective assistance of counsel is not among the specific grounds for vacating an award under the" FAA. *See* ECF No. [16] at 1–2, 7–8. As to the Colombian Sugar counterclaim, Plaintiffs argue it has "no bearing on" and "is completely severable from" the Brazilian Sugar and Mexican Sugar claims, which is why the Parties and the Arbitrator "proceeded with a final evidentiary hearing" on the Brazilian Sugar and Mexican Sugar claims decided in the Award. *See* ECF No. [16] at 3–5, 9–11. The Petition is now ripe for review.

## II. LEGAL STANDARDS

Under the FAA, parties may agree by contract "that a judgment of the court shall be entered upon the award made pursuant to the arbitration." *See* 9 U.S.C. § 9. If the parties so agree, "then at any time within one year after the award is made any party to the arbitration may apply" to the court "for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the FAA. *See id.*; *cf. id.* § 207 (providing that if a party to arbitration applies for confirmation within three years of an award, the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the" relevant rules). "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9); *see also Cat Charter, LLC v. Schurtenberger*,

646 F.3d 836, 842 (11th Cir. 2011) ("[T]he FAA imposes a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary." (quotation marks omitted)); *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1322 (11th Cir. 2010).

Those prescribed exceptions are set out in §§ 10 and 11 of the FAA. *See* 9 U.S.C. §§ 10(a), 11. Under those provisions, a court may vacate an arbitration award where: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators, or either of them"; (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See id.* § 10(a). And the court may modify or correct an arbitration award where: (1) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; (2) "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted"; or (3) "the award is imperfect in matter of form not affecting the merits of the controversy." *See id.* § 11 ("The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.").

The seven grounds "for vacating or modifying" an arbitration award listed in §§ 10 and 11 of the FAA are "exclusive." *See Hall St.*, 552 U.S. at 584 ("We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited vacatur and modification."). "While several judicially-created bases for vacatur had developed in this circuit," the Eleventh

Circuit "held in *Frazier* that such grounds are no longer valid in light of the Supreme Court's decision in *Hall Street*." *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1299 (11th Cir. 2015); *see also Frazier*, 604 F.3d at 1324 ("We hold that our judicially-created bases for vacatur are no longer valid in light of *Hall Street*."). This includes a "claim of ineffective assistance of" counsel, which "is not a basis for vacatur under" the FAA. *See Roberta Press Living Tr., Roberta Press v. T.D. Ameritrade, Inc.*, No. 11-CV-81268, 2012 WL 13019191, at *2 (S.D. Fla. June 25, 2012) ("The proper remedy for ineffective representation is a malpractice claim against the attorney.").

The FAA "imposes a heavy presumption in favor of confirming arbitration awards." *Vital Pharms. v. PepsiCo, Inc.*, 528 F. Supp. 3d 1304, 1307 (S.D. Fla. 2020) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002)). As long as the petition for confirmation is timely filed, the district court has "an independent basis for jurisdiction" to decide the petition,[2] and the award is "sufficiently final," the court must confirm the award as requested. *See id.* at 1308; *Schatt v. Aventura Limousine & Transp. Serv., Inc.*, 603 F. App'x 881, 887 (11th Cir. 2015) ("[T]he FAA allows review of final arbitral awards only, but not of interim or partial rulings."). An award is sufficiently final if the arbitrator's work is "complete," and he intends for the award to be his "final determination on the issues submitted to" him. *See Schatt*, 603 F. App'x at 887 (quotation marks omitted); *Int'l Bhd. of Elec. Workers, Loc. 824 v. Verizon Fla., LLC*, No. 13-CV-2987-T-27TGW, 2015 WL 403307, at *5 (M.D. Fla. Jan. 8, 2015) ("In assessing whether an arbitration award is sufficiently final, courts typically examine the arbitrator's intent and whether significant issues were left outstanding."), *aff'd sub nom. Int'l Bhd. of Elec. Workers, Loc. Union*

---

[2] "Subject matter jurisdiction for cases filed pursuant to § 9 of the [FAA] must be based upon either diversity of citizenship or the existence of a federal question." *Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996); *see also* 28 U.S.C. § 1332(a) (setting out requirements for diversity jurisdiction).

*824 v. Verizon Fla., LLC*, 803 F.3d 1241, 1247 (11th Cir. 2015) ("There is no evidence suggesting that he did not deal completely with the grievance as it was submitted to him, or that the original award was intended to be anything other than final. (footnote omitted)).

Indeed, an "award is considered final if it resolves the rights and obligations of the parties definitively enough to preclude the need for further adjudication with respect to the issue submitted to arbitration." *Al Raha Grp. for Tech. Servs. v. PKL Servs., Inc.*, No. 18-CV-04194-AT, 2019 WL 4267765, at *2 (N.D. Ga. Sept. 6, 2019) (quotation marks omitted); *Gomez v. Allied Pros. Ins. Co.*, No. 19-CV-24994, 2023 WL 3979535, at *3 (S.D. Fla. May 26, 2023), *R. & R. adopted*, No. 19-CV-24994, 2023 WL 3971007 (S.D. Fla. June 13, 2023) ("Generally, an arbitration award is final when no further litigation is necessary on the issue and the arbitrator intended that the award be final." (citation and quotation marks omitted)).  This includes an interim award "if it finally disposes of a separate independent claim." *See Gomez*, 2023 WL 3979535, at *3; *Al Raha Grp.*, 2019 WL 4267765, at *2 ("An interim ruling may be considered sufficiently final if it finally and definitely disposes of a separate independent claim even if it does not dispose of all the claims that were submitted to arbitration." (quotation marks omitted)). Of course, an "interim ruling from an arbitrator is not a final award if it does not purport to resolve finally the issues submitted to the arbitrators."  *See Al Raha Grp.*, 2019 WL 4267765, at *2 (alteration adopted, quotation marks omitted); *Vital Pharms.*, 528 F. Supp. 3d at 1309 (defining a nonfinal determination as a "relatively inconsequential procedural decision or preliminary ruling of which judicial review, in the interest of retaining the efficiency that is the raison d'être of our arbitration system, is disfavored" (quotation marks and emphasis omitted)); *cf. Schatt*, 603 F. App'x at 888 (finding award not final because "ongoing arbitration involved far more remaining work than merely the calculation of attorney's fees"); *Unite Here, Loc. 737, AFL-CIO v. Walt Disney Parks & Resorts*, No. 18-CV-

833-ORL-41LRH, 2019 WL 2255023, at *4 (M.D. Fla. Apr. 30, 2019) ("Arbitration awards are found to be incomplete when an arbitrator holds that back pay shall be awarded but does not declare the methodology to calculate it and does not determine the amount to be awarded.").

## III. DISCUSSION

In the Petition, Plaintiffs ask the Court to confirm the Partial Final Award, which would finalize Czarnikow's entitlement to $4,930,243.88 and CG Limited's entitlement to $321,352.85, both sums with interest. *See* ECF No. [1] at 3; ECF No. [1-2] at 2, 7–9. Defendant presents two main arguments in opposition: first, the Award is not final because it did not resolve Defendant's Colombian Sugar counterclaim, and second, the Award is not mutual, final and definite, as 9 U.S.C. § 10(a)(4) requires, because Defendant's defenses were not fairly presented. *See* ECF No. [15] at 3–4. Neither argument has merit.

As already explained, the Court must confirm the Award if the Petition was timely filed, the Court has an independent basis for jurisdiction to decide the Petition, the Award is sufficiently final, and none of the exceptions in § 10(a) or § 11 applies. *See Hall St.*, 552 U.S. at 587; *Cat Charter*, 646 F.3d at 842; *Frazier*, 604 F.3d at 1322; *Vital Pharms.*, 528 F. Supp. 3d at 1307–08; 9 U.S.C. §§ 9–11. There is no dispute about the Petition's timeliness, *see* 9 U.S.C. §§ 9, 207, and the Court has diversity jurisdiction under § 1332(a) because Plaintiffs and Defendant are citizens of different states and the amount in controversy is more than $75,000, *see Loral Corp.*, 77 F.3d 420 at 422; 28 U.S.C. § 1332(a)(1); ECF No. [1] at 1–2.

While Defendant argues the Award "is not final but instead remains a partial award until the counterclaim is fully resolved," ECF No. [15] at 4, the Award itself makes clear that the Arbitrator finished his work on the Brazilian Sugar claims and the Mexican Sugar claims, *see* ECF No. [1-2]. Indeed, the Arbitrator titled his decision a "Partial Final Award," found Plaintiffs were

8

the "prevailing party" on the Brazilian Sugar claims and the Mexican Sugar claims, and even awarded Plaintiffs "the portion of the administrative fees and expenses" and the Arbitrator's "compensation and expenses" connected "to the Brazilian and Mexican sugar (but not the Colombian sugar)." *See* ECF No. [1-2] at 8.  The Arbitrator also explicitly explained that the Colombian Sugar "counterclaim will be dealt with in later proceedings." ECF No. [1-2] at 3.  Those actions demonstrate the Arbitrator intended the Award to be final as to the Brazilian Sugar claims and the Mexican Sugar claims.  *See Schatt*, 603 F. App'x at 887; *Int'l Bhd.*, 803 F.3d at 1247.  And the Award finally disposes of those claims, which are separate and independent from the Colombian Sugar counterclaim.  *See Gomez*, 2023 WL 3979535, at *3; *Al Raha Grp.*, 2019 WL 4267765, at *2.  For those reasons, the Award is sufficiently final.  *See Schatt*, 603 F. App'x at 887–88; *Vital Pharms.*, 528 F. Supp. 3d at 1307–08.

That leaves only the determination of whether any of the exceptions in § 10(a) or § 11 apply.  As already noted, Defendant essentially concedes that they do not.  *See* ECF No. [15] at 1–3.  But Defendant argues the circumstances here — specifically, that its previous counsel's lack of proper credentials, experience, and command of English effectively resulted in it not having legal representation at the Arbitration and not having its defenses fairly presented — support finding that a mutual, final and definite award upon the subject matter submitted was not made.  *See* ECF No. [15] at 3–4. Though Defendant does not say so explicitly, it implies that this purported lack of a mutual, final and definite award triggers the exception in § 10(a)(4), which allows courts to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See* 9 U.S.C. § 10(a)(4).

9

Even accepting Defendant's characterization that its previous lawyer was so limited that it effectively had no counsel at the Arbitration, the Court cannot refuse to confirm the Award on that basis. First, Defendant did not move to vacate the Award, and its time to do so has passed. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); ECF No. [16] at 2 (noting Defendant's opposition was filed "over five months after the Arbitration Award was issued"). Second, the Supreme Court and the Eleventh Circuit have made clear that the exclusive routes to vacate, modify, or correct an arbitration award are found in § 10(a) and § 11. *See Hall St.*, 552 U.S. at 584, 587; *Frazier*, 604 F.3d at 1322. Further, § 10(a)(4) permits vacatur only if the *Arbitrator* exceeded or so imperfectly executed his powers that a mutual, final, and definite award was not made — not if a party's lack of competent counsel effectively resulted in the lack of a mutual, final, and definite award, *see* 9 U.S.C. § 10(a)(4). Third and finally, this Court has explicitly rejected the argument that a claim of ineffective assistance of counsel, which is effectively what Defendant advances here, can be a basis for vacatur under the FAA, *see Roberta Press*, 2012 WL 13019191 at *2, and that rejection comports with the Eleventh Circuit's acknowledgement that judicially created bases for vacatur are no longer valid after the Supreme Court's decision in *Hall Street*, *see Johnson*, 797 F.3d at 1299; *Frazier*, 604 F.3d at 1324. If Defendant believes it had a valid claim for vacatur but for its previous counsel's ineffectiveness, the proper remedy for that ineffective representation is a malpractice claim against the attorney. *See Roberta Press*, 2012 WL 13019191, at *2.

For all those reasons, the Court concludes that none of the exceptions in § 10(a) and § 11 of the FAA apply here. Because those exceptions are the exclusive routes to vacate, modify, or correct an arbitration award, *see Hall St.*, 552 U.S. at 587; *Frazier*, 604 F.3d at 1322, the Award is

CASE NO. 24-CV-23809-MOORE/Elfenbein

due to be confirmed, *see* 9 U.S.C. § 9; *Cat Charter*, 646 F.3d at 842. Accordingly, I respectfully recommend that the Petition, ECF No. [1], be granted, and the Partial Final Arbitration Award, ECF No. [1-2], be confirmed.

### IV.  CONCLUSION

For the reasons explained above, I **RESPECTFULLY RECOMMEND** that:

1. The Petition, **ECF No. [1]**, be **GRANTED**;

2. The Partial Final Arbitration Award, **ECF No. [1-2]**, be **CONFIRMED** as follows:

    a. Plaintiff C. Czarnikow Sugar, Inc. **BE AWARDED** $4,930,243.88; and

    b. Plaintiff Czarnikow Group Limited **BE AWARDED** $321,352.87.

Pursuant to Local Magistrate Rule 4(b), the Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in chambers in Miami, Florida on November 10, 2025.

*[signature]*

MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE

Cc:  All Counsel of Record