**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-23809-MOORE/Elfenbein

**C. CZARNIKOW
SUGAR, INC.**, *et al.*,

      Plaintiffs,

v.

**PULLMAN SUGAR, LLC,**

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATION ON</u><br><u>MOTION TO CONFIRM ARBITRATION AWARD</u>

**THIS CAUSE** is before the Court on Defendant, Pullman Sugar, LLC's ("Defendant") Motion to Confirm Arbitration Award (the "Motion"), ECF No. [22].[1] Plaintiffs C. Czarnikow Sugar, Inc. ("Czarnikow") and Czarnikow Group Limited ("CG Limited" and collectively "Plaintiffs") subsequently filed their Response to Defendant's Motion to Confirm Arbitration Award (the "Response"), ECF No. [23].  Defendant then filed its Reply in Support of Motion to Confirm Arbitration Award (the "Reply"), ECF No. [24].  For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [22]**, be **GRANTED**.

## I.      BACKGROUND

Czarnikow Sugar, a New York corporation, and CG Limited, a United Kingdom corporation, "entered into multiple contracts" with Defendant, an Illinois corporation, "for the

---

[1] The Honorable K. Michael Moore referred to me Plaintiffs' Petition to Confirm Arbitration Award (the "Petition") "to take all necessary and proper action as required by law with respect" to it.  *See* ECF No. [13].  The undersigned issued a Report and Recommendation regarding the Petition.  *See* ECF No. [20]. Because the Motion is related to the Petition and impacts the final judgment to be entered regarding both the Petition and the Motion, the undersigned issues this Report and Recommendation.

purchase and sale of sugar commodities." *See* ECF No. [1] at 1–2. "Defendant materially breached a total of ten" of those contracts, eight of which relate to Brazilian Organic Cane Sugar ("Brazilian Sugar") and two of which relate to Mexican bulk raw sugar ("Mexican Sugar"). *See id*. at 2–3. After Defendant breached those contracts, the Parties participated in "Arbitration before the American Arbitration Association" in Miami.[2] *See id*. at 3.

On August 27, 2024, the Arbitrator issued a "Partial Final Award" finding that Czarnikow entitled to recover from Defendant the "total sum of $4,930,243.88" and that CG Limited is entitled to "recover the total sum of $321,352.85." *See id*. at 3; ECF No. [1-2] at 2, 8–9. The Arbitrator also found that both sums "shall bear interest at the maximum allowable rate under Florida law beginning on September 1, 2022 and thereafter at the prevailing rates provided for by Florida Statutes." *See* ECF No. [1] at 3; ECF No. [1-2] at 7–8. Although the Arbitrator's decision was titled "Partial Final Award," it was in all respects final as to the ten contracts involving the Brazilian Sugar and the Mexican Sugar agreements. *See* ECF No. [1] at 3; ECF No. [1-2] at 7–8. The reason the Award was labeled "partial" is that Defendant asserted a counterclaim based on an eleventh contract between the Parties relating to Colombian Organic sugar ("Colombian Sugar"), which the Arbitrator determined would be dealt with in later proceedings in connection with the Arbitration. *See* ECF No. [1] at 3; ECF No. [1-2] at 3, 8 ("All claims not explicitly dealt with in this Partial Final Award are preserved for the final award to be issued in this arbitration case pursuant to further orders and awards.").

---

[2] "Although the parties, dates, and terms of each of the agreements are different, all but one of the agreements contain a substantially identical arbitration provision providing for arbitration of all disputes by the American Arbitration Association in accordance with the Commercial Rules of Arbitration in Miami, Florida. The same agreements provide for application of Florida law." *See* ECF No. [1] at 4. "The lone exception . . . provides for arbitration before the Refined Sugar Association in accordance with English Law. However, the parties held a preliminary conference on August 3, 2023, with the [A]rbitrator, whereby all parties consented to the appointment of the [A]rbitrator for all contracts in accordance with the AAA rules for Commercial Arbitration." *See* ECF No. [1] at 4.

Plaintiffs timely filed the Petition seeking to confirm the Partial Arbitration Award pursuant to "Section 9 of the Federal Arbitration Act," 9 U.S.C. § 9. *See* ECF No. [1] at 4. Plaintiffs asserted that "the court must enter an order confirming the award unless it is vacated, modified, or corrected in accordance with Sections 10 and 11 of the" Federal Arbitration Act ("FAA"). *See* ECF No. [1] at 4. They noted that the Partial Arbitration Award was "not subject to any grounds for vacating" it under the FAA or any other applicable provision of law, so "confirmation" of the Partial Arbitration Award was "appropriate." *See* ECF No. [1] at 4–5.

In its response to the Petition, Defendant acknowledged that "the bar is particularly high" when trying to avoid "confirmation of an arbitration award" and essentially conceded that none of the "four exclusive circumstances" supporting vacatur under § 10 of the FAA applied here. *See* ECF No. [15] at 1–3 ("Pullman does not pretend that these circumstances arise to corruption, fraud, or undue means under governing law, or that the arbitrator demonstrated partiality."). Defendant nonetheless argued that because its "defenses were not fairly presented, 'a mutual, final and definite award upon the subject matter submitted was not made'[,]" which is one of the policy grounds for vacating an award. *See* ECF No. [15] at 3 (quoting 9 U.S.C. § 10(a)(4)). It explained that this was because its previous counsel was a non-native English speaker; not licensed to practice in the United States; "had no knowledge of how arbitrations are conducted;" and could not deliver argument. *See* ECF No. [15] at 2–3. Defendant argued that its previous counsel's work had "disastrous consequences" including him conceding substantial issues and failing to introduce evidence or argument in a manner that would have allowed Defendant's positions to be heard and considered, which resulted in Defendant "not hav[ing] legal representation in the underlying proceeding." *See* ECF No. [15] at 3-4. Defendant maintained that "the interests of justice" required deferring confirmation of the Award until its Colombian Sugar counterclaim, which went "to the

3

heart of the dispute decided by the [Partial Arbitration] Award," is "fully resolved," and Defendant has had "a fair opportunity to present" it to the Arbitrator.  *See* ECF No. [15] at 4.

In its Reply to Defendant's positions, Plaintiffs argued that (1) Defendant did not seek an order vacating the award; (2) the FAA bars Defendant's attempts to vacate the Award at this time; (3) Defendant failed to describe in detail any of the defenses its former counsel failed to present and that regardless, "inadequate legal representation is not a basis to delay or set aside an arbitration award" because "ineffective assistance of counsel is not among the specific grounds for vacating an award under the" FAA; and (4) that the Colombian Sugar counterclaim had no bearing on and was "completely severable from" the Brazilian Sugar and Mexican Sugar claims, which is why the Parties and the Arbitrator "proceeded with a final evidentiary hearing" on the Brazilian Sugar and Mexican Sugar claims decided in the Award. *See* ECF No. [16] at 1-5, 7–11.

On November 12, 2025, the undersigned issued a Report and Recommendation, ECF No. [20], recommending that (1) the Petition be granted; (2) the Partial Final Arbitration Award, ECF No. [1-2], be confirmed; (3) Czarnikow be awarded $4,930,243.88; and (4) CG Limited be awarded $321,352.8.  *See* ECF No. [20] at 11.  Subsequently, on December 15, 2025, the Arbitrator issued a Final Award incorporating by reference the previously issued Partial Arbitration Award, as it applied to Czarnikow.  *See* ECF No. [22] at 16-17.[3]  The Final Award indicated that the Arbitrator decided the Colombian Sugar Counterclaims in Defendant's favor, awarding it a sum of $1,068,354.47 against Czarnikow.[4] *See* ECF No. [22] at 16.  The Final Award indicates that "[t]he

---

[3] "[Czarnikow's] monetary award in this Arbitration is $4,930,243.88 as set forth in the Partial Final Award, which is incorporated herein by reference. Pullman's monetary award in this Arbitration is $1,068,354.47 as set forth herein."  ECF No. [22] at 16, ¶3.

[4] This sum included interest at 7% per annum from December 1, 2022, to the date of the award and administrative fees and expenses, including the Arbitrator's fees and expenses Defendant paid.  *See* ECF No. [22] at 16.

amounts awarded herein shall bear post-award interest at the rate provided in 28 U.S.C. § 1961, calculated from the date of this Final Award until paid or otherwise satisfied in full." *See id*. It also notes that "[e]ach of [Czarnikow] and Pullman is entitled to apply the other's award as an offset in determining any net obligation." *See id*.

Against this factual backdrop, Defendant filed the Motion seeking to confirm the Final Award in "the principal amount of $1,068,354.47 plus interest from the date of the Award." *See* ECF No. [22] at 2. Defendant asserts that it timely filed the Motion and Czarnikow did not move to vacate, modify, or correct the award within the time limit in 9 U.S.C. § 12, so it cannot contest the award. *See id*. Thus, according to Defendant, the Court must confirm the Final Award and enter judgment in Defendant's favor. *See id*. In the Response, Plaintiffs indicate that they do not oppose the Motion, nor do they seek to modify, vacate, or correct the Final Award, but they request that the Court "give effect to both awards in the manner equity requires, through a single, net judgment rather than entering Pullman's award as a separate, independently enforceable judgment." *See* ECF No. [23] at 1. Plaintiffs request that the Court "confirm both awards, set off the smaller award against the larger, and enter a single judgment in [Plaintiffs'] favor for the difference — $4,183,241.98 — together with post-judgment interest under 28 U.S.C. § 1961." *See id*. at 3. Plaintiffs argue that this is an equitable result because both awards stem from the same arbitration proceeding between the same Parties; Defendant conceded a majority of the arbitration claims; Plaintiff prevailed on the contested issues; and Defendant's sole net recovery is on its Colombian Sugar counterclaim. *See id*. at 2-3. Otherwise, Plaintiff argues a standalone judgment in favor of Defendant would "invert" the Arbitrator's decision. *See id*. at 3. In the Reply, Defendant simply states "[a]fter reviewing the response filed by Plaintiffs and noting that they do not oppose confirmation of the arbitration award entered in [Defendant's] favor (*See*, D.E. 23),

[Defendant] agrees to the entry of a single judgment in the amount of $4,183,241.98 in favor of the Plaintiffs." *See* ECF No. [24].  The Motion is now ripe for review.

## II.   LEGAL STANDARDS

Under the FAA, parties may agree by contract "that a judgment of the court shall be entered upon the award made pursuant to the arbitration." *See* 9 U.S.C. § 9.  If the parties so agree, "then at any time within one year after the award is made any party to the arbitration may apply" to the court "for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of" the FAA.  *See id.*; *cf. id.* § 207 (providing that if a party to arbitration applies for confirmation within three years of an award, the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the" relevant rules).  "There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (quoting 9 U.S.C. § 9); *see also Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011) ("[T]he FAA imposes a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary." (quotation marks omitted)); *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1322 (11th Cir. 2010).

Those prescribed exceptions are set out in §§ 10 and 11 of the FAA.  *See* 9 U.S.C. §§ 10(a), 11. Under those provisions, a court may vacate an arbitration award where: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators, or either of them"; (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

6

material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See id.* § 10(a). And the court may modify or correct an arbitration award where: (1) "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; (2) "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted"; or (3) "the award is imperfect in matter of form not affecting the merits of the controversy." *See id.* § 11 ("The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.").

The FAA "imposes a heavy presumption in favor of confirming arbitration awards." *Vital Pharms. v. PepsiCo, Inc.*, 528 F. Supp. 3d 1304, 1307 (S.D. Fla. 2020) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002)). As long as the petition for confirmation is timely filed, the district court has "an independent basis for jurisdiction" to decide the petition,[5] and the award is "sufficiently final," the court must confirm the award as requested. *See id.* at 1308; *Schatt v. Aventura Limousine & Transp. Serv., Inc.*, 603 F. App'x 881, 887 (11th Cir. 2015) ("[T]he FAA allows review of final arbitral awards only, but not of interim or partial rulings."). An award is sufficiently final if the arbitrator's work is "complete," and he intends for the award to be his "final determination on the issues submitted to" him. *See Schatt*, 603 F. App'x at 887 (quotation marks omitted); *Int'l Bhd. of Elec. Workers, Loc. 824 v. Verizon Fla., LLC*, No. 13-CV-2987-T-27TGW, 2015 WL 403307, at *5 (M.D. Fla. Jan. 8, 2015) ("In assessing whether an

---

[5] "Subject matter jurisdiction for cases filed pursuant to § 9 of the [FAA] must be based upon either diversity of citizenship or the existence of a federal question." *Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996); *see also* 28 U.S.C. § 1332(a) (setting out requirements for diversity jurisdiction).

arbitration award is sufficiently final, courts typically examine the arbitrator's intent and whether significant issues were left outstanding."), *aff'd sub nom. Int'l Bhd. of Elec. Workers, Loc. Union 824 v. Verizon Fla., LLC*, 803 F.3d 1241, 1247 (11th Cir. 2015) ("There is no evidence suggesting that he did not deal completely with the grievance as it was submitted to him, or that the original award was intended to be anything other than final. (footnote omitted)). Indeed, an "award is considered final if it resolves the rights and obligations of the parties definitively enough to preclude the need for further adjudication with respect to the issue submitted to arbitration." *Al Raha Grp. for Tech. Servs. v. PKL Servs., Inc.*, No. 18-CV-04194-AT, 2019 WL 4267765, at *2 (N.D. Ga. Sept. 6, 2019) (quotation marks omitted); *Gomez v. Allied Pros. Ins. Co.*, No. 19-CV-24994, 2023 WL 3979535, at *3 (S.D. Fla. May 26, 2023), *R. & R. adopted*, No. 19-CV-24994, 2023 WL 3971007 (S.D. Fla. June 13, 2023) ("Generally, an arbitration award is final when no further litigation is necessary on the issue and the arbitrator intended that the award be final." (citation and quotation marks omitted)).

## III.    DISCUSSION

To recap, the Partial Arbitration Award awarded Czarnikow $4,930,243.88 and CG Limited $321,352.87. *See* ECF No. [1-2] at 8-9. The Final Arbitration Award incorporated the Partial Arbitration Award by reference and additionally awarded Defendant $1,068,354.47 on its Colombian Sugar counterclaim. *See* ECF No. [22] at 16-17. The Parties agree that both the Partial and Final Arbitration Awards should be confirmed and a single final judgment offsetting the financial awards be entered in each Plaintiffs' favor. *See* ECF Nos. [23] and [24]. Because Defendant timely moved to confirm the Final Award and the Parties do not dispute that both awards should be confirmed without modification, the Court also agrees with the relief requested.[6] *See* 9

---

[6] As noted above, the undersigned issued a Report and Recommendation recommending that the Partial

U.S.C. § 9 ("at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.").

The award to Czarnikow and against Defendant is $4,930,243.88 while the award to Defendant and against Czarnikow is $1,068,354.47.  Offsetting the amount of Defendant's award from the award to Czarnikow results in a net total award of $3,861,889.41 for Czarnikow ($4,930,243.88 - $1,068,354.47 = $3,861,889.41).  Although the Parties suggested that the offset should apply to the collective awards of both Plaintiffs, they do not explain why CG Limited, which was not a counter-defendant in the Columbian Sugar counterclaim and against which no award was entered, should have an offset applied to its separate award of $321,352.87. Accordingly, the Court concludes that CG Limited's award should remain intact in the total amount of $321,352.87.  Accordingly, I respectfully **RECOMMEND** that the Motion, **ECF No. [22],** be **GRANTED** and that both the Partial and Final Arbitration Awards be confirmed.

## IV.    CONCLUSION

For the reasons explained above, I **RESPECTFULLY RECOMMEND** that:

1. The Motion, **ECF No. [22]**, be **GRANTED**;

2. The Partial Arbitration Award, **ECF No. [1-2],** be **CONFIRMED**;

3. The Final Arbitration Award, **ECF No. [22] at 10-17**, be **CONFIRMED**;

4. Final Judgment **BE ENTERED** in favor of C. Czarnikow Sugar, Inc. in a net amount of **$3,861,889.41**;

---

Arbitration Award be confirmed and judgment entered in Plaintiffs' favor, with $4,930,243.88 awarded to Czarnikow and $321,352.87 awarded to CG Limited.  *See* ECF No. [20] at 11.

5. Final Judgment **BE ENTERED** in favor of Czarnikow Group Limited in the amount of **$321,352.87**.

6. Plaintiffs be **ENTITLED** to post-judgment interest under 28 U.S.C. § 1961.

Pursuant to Local Magistrate Rule 4(b), the Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in chambers in Miami, Florida on July 5, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Cc: All Counsel of Record

10